UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

HORACE ABNEY,

                                                Plaintiff,

-against-

JOHN MCGINNIS, MARIO MALVAROSA, PAUL
WILSON, ANN ARCKERT, MICHAEL DIPOMPO, and
JOHN and JANE DOE,

                                                Defendants.

**PLAINTIFF'S RESPONSE TO MICHAEL DIPOMPO'S LOCAL RULE 56.1 STATEMENT**

01 Civ. 8444 (SAS) (FM)

------------------------------------------------------------------------ x

      Pursuant to Local Rule 56.1(c) of the Local Civil Rules of the United States District Court for the Southern and Eastern Districts of New York, plaintiff Horace Abney hereby sets forth his response to Michael DiPompo's Local Rule 56.1 Statement:

1. **Admit.**

2. **Admit.**

3. **Admit.**

4. **Admit.**

5. **Deny.** The document cited by defendant does not support his statement of fact.

6. **Admit.**

7. **Admit.**

8. **Admit.**

9. **Admit**.

10. **Admit.**

11. **Admit.**

12. **Admit.**

13. **Admit.**

14. **Admit.**

15. **Admit.**

16. **Deny** to the extent there is an implication that these were the only services provided by DiPompo.

17. **Deny.** The deposition page cited by defendant does not support his statement of fact.

18. **Admit.**

19. **Admit.**

20. **Admit.**

21. **Admit.**

22. **Deny.** Plaintiff was not advised to break in any footwear for approximately two years. (Pl. Tr. at 42-43.)

23. **Admit/Deny.** The deposition pages cited by defendant do not mention walking shoes.

24. **Admit**.

25. **Admit**.

26. **Admit.**

27. **Admit**.

28. **Deny.** The orthotic did not fit well within the new boots. (Pl. Decl. ¶ 8.)

29. **Admit.**

30. **Deny.** Plaintiff did not tell DiPompo that the orthoses cracked while he was playing basketball. (Pl. Decl. ¶ 4.)

31. **Deny.** The orthoses were never functional. (Pl. Tr. at 76-77.)

32.    **Deny.**  The deposition page cited by defendant does not support his statement of fact.

33.    **Admit/Deny.**  The document cited by defendant does not state that the orthoses were fitted to the boots.

34.    **Deny.**  The orthotic did not fit well within the boots.  (Pl. Decl. ¶ 8.)

35.    **Admit.**

36.    **Admit.**

37.    **Deny.**  Plaintiff did not request that DiPompo give him a smaller pair of boots.  (Pl. Decl. ¶ 3.)

38.    **Admit/Deny.**  DiPompo did not "agree" to provide smaller boots; plaintiff had not requested them.  (*Id.*)

39.    **Admit.**

40.    **Deny.**  The boots and orthoses did not fit to plaintiff's satisfaction.  (Pl. Decl. ¶ 8; Pl. Tr. at 76-77.)

41.    **Admit/Deny.**  Plaintiff reported that the boots that DiPompo had <u>chosen</u> to provide in a too-small size were too tight.  (Pl. Decl. ¶ 3.)

42.    **Admit/Deny.**  Although a copy of the request was apparently faxed to DiPompo on June 7, 2000, there is no reason to believe that the original request had not been transmitted on May 11, 2000.

43.    **Admit.**

44.    **Admit/Deny.**  Although, at the time that he drafted the complaint, plaintiff believed the date to be July 6, 2000, it appears from the medical records that it was actually approximately July 17, 2000.  (Bates 241.)

45.    **Admit.**

3

46. **Admit.**

47. **Admit.**

48. **Admit.**

49. **Admit.**

50. **Admit.**

51. **Admit/Deny.** DiPompo left plaintiff with a <u>defective</u> orthotic. (Pl. Tr. at 76-77.)

52. **Deny.** The deposition pages cited by defendant do not support his statement of fact.

53. **Admit.**

54. **Deny.** The cited document states that <u>DiPompo</u> (not plaintiff) deemed the orthosis satisfactory.

55. **Admit.**

56. **Admit.**

57. **Admit.**

58. **Admit.**

59. **Admit.**

60. **Admit.**

61. **Deny.** The deposition pages cited by defendant do not support his statement of fact.

62. **Deny.** The deposition pages cited by defendant do not provide a timeframe.

63. **Deny.** The deposition pages cited by defendant do not support his statement of fact.

64. **Deny.** The cited document contains a self-serving <u>claim</u> by DiPompo that all of plaintiff's complaints had been alleviated. Plaintiff's complaints were <u>never</u> alleviated. (Pl. Decl. ¶¶ 7, 8; Pl. Tr. at 76-77.)

65. **Admit**.

4

Dated: New York, New York
December 15, 2006

                                              Respectfully submitted,

                                    _____/s_____
                                    Rose M. Weber (RW 0515)
                                    Attorney for Plaintiff
                                    225 Broadway, Suite 1608
                                    New York, NY 10007
                                    (212) 748-3355